**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW J. SHORTT,**

-vs-                                                                   Case No. 6:10-cv-38-Orl-31DAB

**POSEN CONSTRUCTION, INC.,**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss or for More Definite Statement (Doc. 11) filed by the Defendant, Posen Construction, Inc. ("Posen"), and the response (Doc. 16) filed by the Plaintiff, Matthew J. Shortt ("Shortt"), who appears *pro se*.

In his Complaint (Doc. 1), Shortt purports to assert a claim or claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Simply stated, Shortt bases this action

> on the fact that he is a Caucasian American and that the overwhelming majority of [Defendant's] "laborer work squad" working on the construction site is of Hispanic origin and, it is assumed, most are undocumented.

(Doc. 1 at 1). Posen seeks dismissal of the Complaint on the grounds that Shortt has failed to state a claim for relief or, in the alternative, that the Complaint is a shotgun pleading.

**I.    Legal Standard**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*,

734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**II.     Analysis**

Posen asserts that he applied for a job with Posen but was told that the company was not hiring. (Doc. 1 at 4). He also alleges that he was informed by a "sub-contractor supervisor" that Posen does not hire any white people or black people, except for supervisors, and that on one occasion when he observed a Posen work crew, he "witnessed no black or white laborers other than a few white men sitting in several trucks and an occasional supervisor overseeing the

Hispanic work crews." (Doc. 1 at 3). Shortt does not assert that Posen hired anyone else at or after the time he was told that the company was not hiring.

The elements of a Title VII claim for failure to hire are as follows: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for, and applied for, a job; (3) defendant/employer rejected plaintiff for that job; and (4) other equally or less qualified people who were not members of the protected class were hired for that position. *Samedi v. Miami-Dade County*, 134 F.Supp.2d 1320, 1344 (S.D.Fla. 2001) (citing, *inter alia*, *Wu v. Thomas*, 847 F.2d 1480, 1483 (11th Cir. 1988)). Title VII prohibits racial discrimination in employment against whites, *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273 (1976), and therefore by asserting that he is a "Caucasian American," Shortt has satisfied the first pleading element. Shortt also asserted that he applied for a job as a laborer and, at least implicitly, that he was qualified for it, but was not hired, satisfying the next two elements. However, Shortt has failed to assert that other equally or less qualified people who were not members of his protected class were subsequently hired for the position he sought.[1] Accordingly, he has failed to state a claim for relief and the Complaint must be dismissed, without prejudice to his right to file an amended complaint that properly states a claim.[2]

Should Plaintiff choose to file such an amended complaint, there are at least two procedural rules aside from Rule 12 that he must satisfy in order to proceed with his claims. Rule

---

[1]Shortt appears to make this assertion in his response – although the source of his knowledge is not specified – but the assertion does not appear in the Complaint, as required to overcome a motion to dismiss.

[2]Because the Court finds that Shortt has failed to state a claim, it will not consider Posen's other arguments.

8(a) requires that a pleading such as a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The instant complaint far exceeds this. It includes numerous paragraphs not needed to show an entitlement to relief. For example, Shortt includes the names, addresses and phone numbers of numerous Posen employees he spoke with, and describes those conversations, even when those employees are not relevant to his claim (in that they did not affect the hiring decision). Shortt also includes numerous assertions regarding his suspicions as to the citizenship status of Posen's workers. At most, this might provide a motive for the company's hiring practices, but a company's hiring of non-citizens is not itself actionable under Title VII. Similarly, Shortt includes numerous assertions regarding Posen's alleged failure to verify the citizenship of its workers, which is also not actionable under Title VII. Such allegations should be greatly reduced, if not entirely eliminated, in any amended complaint. In addition, Shortt must comply with Rule 10(b), setting forth his claims in numbered paragraphs that are "limited, as far as practicable, to a single set of circumstances." And if, as appears to be the case, Shortt intends to pursue both a racial discrimination claim and a national origin discrimination claim, it would likely be helpful to set them forth in two separate counts.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss or for More Definite Statement (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**. The Complaint is hereby **DISMISSED**

**WITHOUT PREJUDICE** pursuant to Rule 12(b)(6). In all other respects, the motion is **DENIED.** If Plaintiff chooses to file an Amended Complaint that complies with this order, he must do so on or before April 9, 2010.

    **DONE** and **ORDERED** in Chambers, Orlando, Florida on March 17, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party